UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**CATHY L. WALDOR**<br>UNITED STATES MAGISTRATE JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>ROOM 4040<br>NEWARK, NJ 07101<br>973-776-7862 |

*ALL COUNSEL VIA CM/ECF*

**LETTER OPINION AND ORDER**

Re:   SIVELLA et al v. TOWNSHIP OF LYNDHURST et al.
        Civil Action No. 2:19-12725 (KSH)(CLW)

Dear Counsel:

Before the Court are two motions for attorneys' fees by Defendants Anthony DiMaggio and Joyce DiMaggio ("Individual Defendants") (ECF No. 24) and Defendants Township of Lyndhurst, Township of Lyndhurst Police Department, Officer Nicholas Abruscato, Officer Christopher Cuneo, Auxiliary Officer Daphne Dannenfelser, Auxiliary Officer Glenn Flora, and Commissioner Thomas A DiMaggio ("Lyndhurst Defendants") (ECF No. 25) (collectively "Defendants"). The Court declined to hear oral argument pursuant to Federal Rule of Civil Procedure 78 and, for the reasons set forth below, Defendants' Motions are **DENIED**.

## BACKGROUND

On May 20, 2019, Plaintiffs filed the Complaint in this action based upon alleged incidents that occurred in the Township of Lyndhurst when Plaintiffs were distributing flyers in public spaces, including two incidents that took place on August 8th and 23rd, 2018 where the police were called. (ECF No. 1.) All parties acknowledge that the police were wearing body cameras at the time of the incidents and that in August 2018, Plaintiff David Sivella's attorney made an OPRA request to the Township of Lyndhurst seeking, among other things, the body-worn camera footage from the dates at issue. (ECF No. 29-1.) Plaintiffs state in their opposition brief, in a certification from the requesting attorney, and a certification from David Sivella, that the CDs containing the body-camera footage were unreadable. (ECF Nos. 29 & 29-1.) On July 6, 2019, Plaintiffs received a Fed. R. Civ. P. 11 "safe harbor" notice from Defendants requesting that Plaintiffs withdraw their Complaint because the lawsuit was frivolous and, among other things, that there was footage directly refuting allegations in the Complaint. (ECF No. 25-3.) Shortly thereafter, Plaintiffs' counsel reached out to the Lyndhurst Defendants to request copies of the body-cam footage. (ECF No. 29.) On July 15, 2019, Individual Defendants filed their Answers to the Complaint (ECF Nos. 8 & 9) and Lyndhurst Defendants filed a Motion to Dismiss in lieu of an Answer. (ECF No. 10.) On July 23, 2019, Lyndhurst Defendants provided Plaintiffs' counsel with copies of the body-cam

footage.  (ECF No. 25-3.)  On August 13, 2019, after reviewing the body-cam footage, Plaintiffs' counsel informed the Lyndhurst Defendants that his clients were inclined to dismiss the matter. *Id*.  In early September 2019, the parties engaged in multiple discussions concerning the dismissal of the case.  (ECF No. 29.) On September 27, 2019, Plaintiffs consented to dismissing the entire case against all Defendants with prejudice.  *Id*.  On October 23, 2019, this Court entered an Order of Voluntary Dismissal with Prejudice that permitted Defendants to file a motion for attorney's fees.  (ECF No. 23.)  Defendants' motions followed.

## LEGAL STANDARD

Attorneys' fees and costs are not typically awarded when a matter is voluntarily dismissed with prejudice, however, the Third Circuit determined that when exceptional circumstances exist, an award may be appropriate. *Carroll v. E One Inc.*, 893 F.3d 139, 140 (3d Cir. 2018).  "Exceptional circumstances include a litigant's failure to perform a meaningful pre-suit investigation, as well as a repeated practice of bringing meritless claims and then dismissing them with prejudice after both the opposing party and the judicial system have incurred substantial costs."  *Id.*  However, "[a] litigant's lawyer's failure to perform a meaningful pre-suit investigation is a 'high bar' for litigants to satisfy, and a Court retains discretion to make this determination." *Lasry v. JP Morgan Chase & Co.*, No. 3:18-cv-09776 (PGS)(DEA), 2020 WL 1666157, at *7 (D.N.J. Apr. 3, 2020). "The run-of-the-mill case will not meet such a bar, even when a jurist believes that a more thorough pre-suit investigation should have been conducted."  *Carroll*, 893 F.3d at 149.

## DISCUSSION

Defendants respectively argue that the circumstances in this litigation constitute exceptional circumstances under *Carroll* to warrant the award of attorney's fees because Plaintiffs' counsel failed to conduct a meaningful pre-suit investigation and because of Defendant David Sivella's alleged harassing behavior.[1]

In *Carroll*, Plaintiffs' counsel sued Defendants on behalf of a class of Plaintiffs that they did not communicate with until their respective depositions[2].  *Id*. at 142.  This was just one of "1,300 actions brought by Plaintiffs' counsel in 23 separate jurisdictions." *Id*. The Third Circuit upheld the District Court's ruling granting attorney's fees to Defendants because it was clear Plaintiffs' counsel did not conduct any pre-suit investigation, continued to forced Defendants to incur additional discovery expenses after being presented with notice that the suit was meritless, and completed discovery and/or trial on nearly identical cases in other jurisdictions before Plaintiffs' counsel dismisses the case.  *Id. * at 149.

---

[1] The Court notes that both the Lyndhurst and Individual Defendants focus their respective motions for attorney's fees on the actions of Plaintiff David Sivella, however, this action was filed by three individual plaintiffs, including David Sivella.

[2] Plaintiffs in *Carroll* frequently did not learn they were named plaintiffs in the case until after the case was filed and they received something in the mail form plaintiffs' counsel.  *Id*. at 142.  The Court noted that in one instance, a plaintiff learned he was a named plaintiff from a television news story.  *Id*.

The Court declines, in exercising its discretion, to award attorney's fees because the circumstances in *Carroll* are distinguishable from the circumstances in this case.

First, Defendants have not met the high bar of demonstrating that Plaintiffs' counsel failed to conduct a meaningful pre-suit investigation. Instead, Defendants attack the credibility and conduct of the individual Plaintiffs, not Plaintiffs' counsel and his pre-suit investigation. As represented in the briefing and attached certifications, prior to filing the Complaint, Plaintiffs' counsel and Plaintiff David Sivella were not in possession of working copies of the body-cam footage that Defendants allege contradicted and/or disproved certain factual allegations in the Complaint. Furthermore, upon receiving a Rule 11 letter from the Lyndhurst Defendants and working copies of the body-cam footage, Plaintiffs' counsel quickly began attempting to resolve the matter before the parties incurred additional costs, which was ultimately dismissed with prejudice on October 23, 2019, only six months after the Complaint was filed and before any discovery was conducted.

Second, Plaintiffs' have not engaged in a "repeated practice of bringing meritless claims and then dismissing them with prejudice after both the opposing party and the judicial system . . . incur[] substantial costs." *Carroll*, 893 F.3d at 140. Plaintiff David Sivella, one of the three Plaintiffs in this case, previously brought a single lawsuit against the Lyndhurst Defendants in 2015 that partially survived summary judgment but was later dismissed on reconsideration based upon qualified immunity. *Sivella v. Lyndhurst*, 2:15-cv-7038 (MCA)(MAH) (D.N.J. 2015). Additionally, the two other named Plaintiffs in this case have never engaged in prior litigation with any of the Defendants, let alone repeated meritless claims. (ECF No. 29.)

## **CONCLUSION**

For the foregoing reasons it is on this 29th day of June, 2020 it is hereby

**ORDERED** that Defendants Anthony DiMaggio and Joyce DiMaggio Motion for Attorney's Fees (ECF No. 24) is **DENIED**; and

**ORDERED** that Defendants Township of Lyndhurst, Township of Lyndhurst Police Department, Officer Nicholas Abruscato, Officer Christopher Cuneo, Auxiliary Officer Daphne Dannenfelser, Auxiliary Officer Glenn Flora, and Commissioner Thomas A DiMaggio Motion for Attorney's Fees (ECF No. 25) is **DENIED**; and

**ORDERED** that the Clerk of Court shall terminate ECF Nos. 24 & 25.

June 29, 2020

                                          *s/Cathy L. Waldor*
                                          **CATHY L. WALDOR**
                                          **United States Magistrate Judge**